## WILLIAM M. WHITAKER v. ELIAS M. JENCKES.

The provisions of chapter 525 of the Statutes are to be construed as provisions in addition to, and not by way of substitution for, those of the Statutes previously existing upon the subject of attachments. *Hence*, an attachment of personal estate is void, where the officer charged with the service of the writ left a copy with the defendant as directed by said chapter 525, but did not leave an attested copy of the writ with a copy of his doings thereon, at the defendant's usual place of abode, as directed by chapter 181, section 5, of the Revised Statutes.

ASSUMPSIT to recover balance alleged to be due on book account. The defendant pleaded in abatement to the writ, " that the plaintiff's said writ is a writ of arrest, and service of the plaintiff's said writ was pretendedly served on the second day of July, 1869, at Woonsocket, by the officer charged with the service thereof, by pretendedly attaching personal property, goods, and chattels, to wit: one pianoforte, as and of the property and goods and chattels of the said defendant, as was supposed and alleged by said officer, and not otherwise, and that service of the same was not made on said second day of July, 1869, upon said defendant, or at any other time, than by pretended attachment, and the said officer charged with the service of said plaintiff's writ, did not, on the second day of July, 1869, or immediately thereafter, or at any time, leave a true and attested copy of the plaintiff's said writ, with his doings thereon, with the said defendant, either at the last and usual place of abode of the said defendant at said Woonsocket, in said county of Providence, in this state, or leave a true and attested copy of the plaintiff's said writ, with a copy of his doings thereon, with some person there, or with some person in the possession of the property, to wit., the pianoforte, so supposed and alleged to be the property and goods and chattels of the said defendant, at said Woonsocket aforesaid ; and the said defendant avers, that on said second day of July, 1869, he had a last and usual place place of abode at said Woonsocket, in said county, in this state, and this he is ready to verify," &c.

To this plea the plaintiff demurred generally.

*L. D. Jenckes, for the plaintiff,* in support of the demurrer, cited Chap. 525 of the Statutes, which provides that "whenever any action shall be commenced by the attachment of the goods or chattels, or the rights or credit, or real estate of a defendant, if such defendant have any last and usual place of abode within this state, the plaintiff shall cause the said defendant to be notified of the pendency of the said action by causing him to be served with a copy of the said writ, either in person or by leaving the same at his last and usual abode, at any time before twenty days next preceding the return day thereof," and con-tended that this act superseded the provisions of the Revised Statutes in relation to attachments.

*E. M. Jenckes, pro se, contra,* cited the provision of Chap. 181, section 5, of the Revised Statutes, that "the officer who shall make any attachment as aforesaid, shall immediately after, leave an attested copy of such writ, with a copy of his doings thereon, at the defendant's usual place of abode, if any he have in the precinct of the officer, with some person there," and contended that this act was still in force, and that the provisions of Chap. 525 were cumulative only.

DURFEE, J. We think the provisions of chapter 525 are to be construed as provisions in addition to, and not by way of substitution for, the provisions of the statute previously existing upon the subject of attachments. Chapter 525 applies not only to an attachment of the goods or chattels, but also to an attachment of rights or credit, or real estate; and we think there could hardly be a pretence for claiming that the provisions of the act, in so far as they apply to an attachment of rights or credits, or real estate, were designed to supersede or operate by way of substitution for, the previously existing provisions upon the same subject. And though it is true that the provisions of chapter 525, considered in their application only to an attach-ment of goods or chattels, seem to render superfluous some of the requirements previously prescribed in regard to such an attach-ment, yet we do not see how we can consistently hold that, as to such requirements, the act is substitutional, while we, at the same time, hold that, as to the requirements prescribed in regard

to the other forms of attachment, it is simply cumulative, there being no words in the act upon which to base the discrimination. The demurrer must be overruled, and the defendant's first plea in abatement sustained.

*Demurrer overruled, judgment for defendant for costs.*